# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 24, 2011

## STATE OF TENNESSEE v. MICHAEL DESEAN BRELAND

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2008-C-2769     Steve Dozier, Judge**

---

**No. M2010-02098-CCA-R3-CD - Filed July 13, 2011**

---

The Defendant, Michael Desean Breland, pled guilty to two counts of theft of property, and the trial court sentenced him to two concurrent eight-year sentences to be served on probation. Subsequently, the trial court twice found the Defendant was in violation of the terms of his probation, and it revoked the Defendant's probation and ordered him to serve the remainder of his sentence in confinement. On appeal, the Defendant contends the trial court erred when it placed his original sentence into effect rather than allow him to return to probation with the condition that he complete an alcohol abuse treatment program. After a thorough review of the record and applicable law, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and D. KELLY THOMAS, JR., JJ., joined.

William E. Griffith, Nashville, Tennessee, for the Appellant, Michael Desean Breland.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and J. Wesley King, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION
## I. Facts

This case arises form the Defendant's theft of a utility trailer and a motor vehicle in Davidson County in February 2008. In September 2009, the Defendant pled guilty to two counts of theft of property valued above $1000. He was sentenced to two concurrent eight-year sentences to be served on intensive probation and ordered to pay restitution. In October 2009, the Defendant's probation officer filed an affidavit alleging the Defendant violated his

probation by failing to report and, as a result, the trial court issued a revocation warrant for the Defendant. On November 9, 2009, the trial court sustained the revocation warrant, sentenced the Defendant to time served, ordered that a SCRAM[1] device be applied to the Defendant for ninety days, and returned the Defendant to probation, with the condition that the Defendant complete fifteen hours of public service per week until he obtained employment.

After ninety days, the SCRAM device was removed. In May 2010, the Defendant's probation officer filed a second affidavit alleging the Defendant violated his probation by being arrested for driving under the influence and for violation of the Habitual Motor Vehicle Offender Act, by failing to report his arrest to the probation officer, and by failing to obtain employment. The trial court issued a second revocation warrant for the Defendant based on this affidavit. At a revocation hearing on July 23, 2010, Officer Robert Johnson of the Metropolitan Nashville Police Department testified that he stopped the Defendant's vehicle after observing it operating without illuminated headlights after dark. When the officer approached the Defendant's vehicle, he noticed a strong odor of alcohol, and the Defendant appeared intoxicated. At the officer's request, the Defendant submitted to a breath test, which indicated the Defendant's blood-alcohol level was 0.176. Officer Johnson discovered that the Defendant was an habitual offender within the meaning of the Habitual Motor Vehicle Offender Act ("HMVO Act"). The officer arrested the Defendant for driving under the influence and for violating the HMVO Act.

Donna Cherry, the Defendant's probation officer, testified that the Defendant violated the terms of his probation in several respects: he was arrested for DUI and failed to report this arrest; he failed to provide her with proof of employment; he used an intoxicant, as evidenced by his arrest for DUI; and he failed to complete fifteen hours of public service as he had been ordered to do as a condition of his probation.

At defense counsel's request, the trial court continued the matter until August, 2010. On August 12, 2010, the parties reconvened and defense counsel informed the court that the Defendant had been screened and accepted into a program at The Elam Center, a twenty-eight day inpatient alcohol abuse treatment facility. Defense counsel asked the court to continue the Defendant's revocation matter, allow the Defendant to complete this alcohol abuse program, and reconvene in mid-October 2010 after the Defendant's completion of the alcohol abuse program to determine whether to revoke the Defendant's probation. The trial

---

[1]A SCRAM device is a tool whereby a court or law enforcement agency may monitor an individual's blood-alcohol content. The device, which is worn around the ankle, takes samples of the individual's perspiration every thirty minutes and reports the individual's blood-alcohol content back to the supervising agency.

court took the matter under advisement and issued a written order on August 23, 2010, revoking the Defendant's probation and placing into effect his original sentence. In its order, the trial court found that, based upon Officer Johnson and Cherry's testimony, the Defendant violated the terms of his probation. Stating that it had a duty to "protect the health and safety of the citizens of Tennessee," the trial court found that the Defendant's lengthy record and his failure to comply with the terms of his probation required his original sentence to be placed into effect. It is from this judgment that the Defendant now appeals.

## II. Analysis

The Defendant contends the trial court erred when it revoked his probation and ordered him to serve the remainder of his sentence in confinement. The Defendant argues that his history of alcohol abuse indicates that only treatment, rather than incarceration, will remedy his alcohol addiction. He contends that the trial court abused its discretion when it reinstated his sentence rather than return him to probation in order to complete alcohol abuse treatment at The Elam Center. The State responds that the trial court did not abuse its discretion when it reinstated the Defendant's original sentence because the record established that the Defendant violated his probation in three respects. It also argues that the trial court's citation to the importance of preserving public safety supports the trial court's order revoking probation.

When a trial court determines by a preponderance of the evidence that a probationer has violated the conditions of his or her probation, the trial court has the authority to revoke probation. T.C.A. § 40-35-311(e) (2009). Upon finding that the defendant has violated the conditions of probation, the trial court may revoke the probation and either: (1) order incarceration; (2) order the original probationary period to commence anew; or (3) extend the remaining probationary period for up to two additional years. *State v. Hunter*, 1 S.W.3d 643, 644 (Tenn. 1999); *see* T.C.A. §§ 40-35-308, -310, -311 (2009). The defendant has the right to appeal the revocation of his probation and entry of his original sentence. T.C.A. § 40-35-311(e). After finding a violation, the trial court is vested with the statutory authority to "revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered . . . ." *Id*.; *accord Hunter*, 1 S.W.3d at 646 (holding that the trial court retains the discretionary authority to order the defendant to serve his or her original sentence in confinement). Furthermore, when probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension . . . ." T.C.A. § 40-35-310 (2006).

The decision to revoke probation is in the sound discretion of the trial judge. *State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005); *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). This Court will uphold a trial court's judgment to revoke

probation unless the trial court abused its discretion. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). To find an abuse of discretion in a probation revocation case, the record must be void of any substantial evidence that would support the trial court's decision that a violation of the conditions of probation occurred. *Id.*; *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980).

In this case, the record supports the trial court's finding that the Defendant violated the terms of his probation. First, Officer Johnson testified that he arrested the Defendant for DUI and for violation of the HMVO Act. The Defendant's probation officer, Officer Cherry, testified that the Defendant did not report this arrest to her. Thus, the record establishes that the Defendant violated the terms of his probation requiring him to abstain from intoxicants, to abide by the law, and to report any arrests to his probation officer. Second, Officer Cherry testified that the Defendant failed to provide her with proof of employment or with proof that he had completed fifteen hours per week of public service. The record therefore establishes that the Defendant failed to comply with the terms of his probation requiring him to either obtain employment or perform fifteen hours per week of public service. Based on the foregoing, we conclude that the record contains "substantial evidence" that the Petitioner violated the terms of his probation. *See Harkins*, 811 S.W.2d at 82.

Given that a trial court only abuses his discretion in revoking probation where the record contains no evidence that a defendant violated his probation, the Defendant's violation of his probation alone justifies the trial court's exercise of discretion in this case. We note, however, that the Defendant had already violated the terms of his probation in this case once before the present revocation proceedings. This previous violation also supports the trial court's revocation of the Defendant's probation. Further, we note that the Defendant's non-compliance was not limited to the provisions pertaining to the use of intoxicants. The Defendant also failed to obtain employment. Although the Defendant's history of alcohol abuse is unfortunate and tragic, the Defendant's continual failures to comply with the terms of his probation indicate that confinement was necessary in this case. As such, we conclude that the trial court's revocation of the Defendant's probation was not an abuse of discretion. *See Kendrick*, 178 S.W.3d at 738. The Defendant is not entitled to relief.

### III. Conclusion

Based on the foregoing reasoning and authorities, we conclude the trial court properly revoked the Defendant's probation and placed into effect his original sentence. As such, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE

4